IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

UNITED STATES OF AMERICA,

      Plaintiff,

-vs-

WILLIAM J. PLATZ,

      Defendant.

---

: CASE NO. 4:10 CR 00111
:     4:11 CV 02586
:
: MEMORANDUM OF OPINION AND
: ORDER GRANTING THE
: PETITIONER'S MOTION TO VACATE

UNITED STATES DISTRICT JUDGE LESLEY WELLS

  Before the Court is petitioner William J. Platz's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. 31). The government has filed a brief in opposition (Doc. 34), and the petitioner has replied. (Doc. 36). For the reasons that follow, the petitioner's motion will be granted.

I.

  While an inmate at Elkton Federal Correctional Institution, the petitioner drew visual depictions of minors engaged in sex acts with other minors and with adults. The petitioner distributed several of these drawings to another inmate at Elkton. On 10 March 2010, the petitioner was charged, on the basis of the drawings, with knowingly

producing and distributing a visual depiction of a minor engaged in sexually explicit conduct that was obscene, in violation of 18 U.S.C. § 1466A(a)(1) & (d)(5). The petitioner pled guilty to the charge pursuant to a plea agreement. (Doc. 20, 22, 26). In the plea agreement, the parties agreed to a range of supervised release between five years and life. On 12 May 2011, this Court sentenced the petitioner to 90 months custody and followed by lifetime term of supervised release, consistent with the terms of the plea agreement. (Doc. 29).

The petitioner now argues, *inter alia*, that a term of lifetime supervision exceeds the maximum term of supervised release authorized by §§ 1466A & 3583 and that his attorney was ineffective for failing to object to a term of supervised release for life.

II.

A federal prisoner is afforded four possible grounds for relief under § 2255: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. Hill v. United States, 368 U.S. 424, 426-27 (1962). To prevail on a § 2255 motion alleging constitutional error, the error must be of constitutional magnitude and have had a substantial and injurious effect or influence on the proceedings. Reed v. Farley, 512 U.S. 339, 353 (1994). To warrant relief due to an error not of constitutional magnitude, there must be a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of due process. Id. at 354. If the

sentencing court lacked jurisdiction, then the conviction is void and must be set aside. Williams v. United States, 582 F.2d 1039, 1041 (6th Cir.), cert. denied, 439 U.S. 988.

It is a "well-settled principle that to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). A defendant must show a "fundamental defect" in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error which violates due process in order to prevail under 28 U.S.C. § 2255. Fair v. United States, 157 F.3d 427, 430 (6th Cir.1998).

### III.

As described by the petitioner, there are two primary issues here: whether this Court was authorized to impose lifetime supervision for a violation of 18 U.S.C. § 1466A; and, if it was not, whether Mr. Platz's counsel was ineffective for advising the petitioner to agree to a potential lifetime term as part of the plea agreement. The Court addresses each in turn.

The penalties for a violation of 18 U.S.C. § 1466A are borrowed from another section of the United States Code. As stated in § 1466A, a violation of that section "shall be subject to the penalties provided in section 2252A(b)(1). . . ." 18 U.S.C. § 1466A(a)(2)(B). Thus, pursuant to Section 2252A(b)(1), an offender who violates § 1466A, "shall be fined under this title and imprisoned not less than 5 years and not more than 20 years . . . ." 18 U.S.C. § 2252A(b)(1). There is no dispute that Mr. Platz's term of incarceration is consistent with § 2252A(b)(1), but, as the petitioner points out, lifetime supervision is not a penalty included in § 2252A(b)(1).

Supervised release is addressed elsewhere in the criminal code. Section 3583(b) states that, as a general rule, a term of supervised release may not exceed three years for a Class C or Class D felony. 18 U.S.C. § 3583(b). In this instance, Mr. Platz's crime is classified as a Class C felony. Section 3583(k) provides an exception to the general rule, however, in that certain offenses are subject to a term of supervised release for five years to life:

> Notwithstanding subsection (b), the authorized term of supervised release for any offense under section 1201 involving a minor victim, and for any offense under section 1591, 2241, 2242, 2243, 2244, 2245, 2250, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, 2423, or 2425, is any term of years not less than 5, or life.

18 U.S.C. 3583(k). As the petitioner is quick to point out, § 1466A is not among those offenses subject to the exception. Therefore, the petitioner argues, the maximum term of supervised release for a violation of § 1466A (being a Class C felony) is three years.

The government disagrees with this analysis and argues that § 1466A is ambiguous as to range of supervised release that is authorized by law. The government points out that the text of § 1466A states that violations "shall be subject to the penalties provided in 2252A(b)(1)." 18 U.S.C. § 1466A(a)(2)(B). As the government sees it, the phrase "in 2252A(b)(1)" is ambiguous, because it is not clear whether Congress meant to incorporate all penalties applicable to an offense under § 2252A(b)(1), or only those penalties literally contained within the text of § 2252A(b)(1). Because of this alleged ambiguity, the government argues, the Court should consider the legislative history of § 1466A.

The government supplies legislative materials documenting the creation of the Prosecutorial Remedies and Tools Against the Exploitation of Children Today

4

("PROTECT") Act of 2003, and it argues that these materials demonstrate Congress's intent to attach to 18 U.S.C. § 1466A all penalties associated with 18 U.S.C. 2252A(b)(1), including supervised release. A House Conference Report, prepared to resolve disagreement between Houses of Congress with respect to certain provisions of the PROTECT Act, states, in pertinent part:

> Section 504 of the conference report creates new obscenity offenses under Chapter 71 of title 18, United States Code, (to be codified at 18 U.S.C. § 1466A) that criminalizes obscene sexually explicit depictions of minors. This section prohibits any obscene depictions of minors engaged in any form of sexually explicit conduct and prohibits a narrow category of "hardcore" pornography involving real or apparent minors, where such depictions lack literary, artistic, political, or scientific value. *These new offenses are subject to the penalties applicable to child pornography, not the lower penalties that apply to obscenity*, and it also contains a directive to the U.S. Sentencing Commission requiring the Commission to ensure that the U.S. Sentencing Guidelines are consistent with this fact.

H.R. Conf. Rep. 108-66, 62 (emphasis added). The government argues that based on the emphasized language, Congress meant to attach a lifetime supervised release penalty to § 1466A because such a penalty is "applicable to" 2252A(b)(1).

While there is no Sixth Circuit opinion on point, a panel of the Eleventh Circuit, when faced with the question whether a term of lifetime supervision was authorized for a conviction under § 1466A, determined that "a lifelong term of supervised release exceeds the statutory maximum." See United States v. Moriarty, 429 F.3d 1012, 1024 (11th Cir. 2005). The Moriarty court concluded that the maximum term of supervised release applicable to an offense under § 1466A is three years. Id. This Court agrees.

When interpreting the language of a statute, this Court begins with the understanding that Congress "says in a statute what it means and means in a statute what it says there." Connecticut Nat. Bank v. Germain, 503 U.S. 249, 254 (1992). When

5

presented with a "straightforward statutory command, there is no reason to resort to legislative history." United States v. Gonzales, 520 U.S. 1, 6 (1997). In this instance, Congress' instructions are clear, and the Court's analysis may begin and end with the statute itself. The Government's premise that the text of § 1466A is ambiguous, such that it is subject to two reasonable interpretations, is incorrect, and the Court need not consider § 1466's legislative history. Based on the text of § 1466A, § 2252A, and § 3583(k), Congress clearly stated its intention that offenses under § 1466A are not subject to lifetime supervision. First, § 1466 states that violations "shall be subject to the penalties provided *in* 2252A(b)(1)." As noted, lifetime supervision is not a penalty provided *in* 2252A(b)(1). While the government suggests that the words "penalties provided in 2252A(b)(1)" actually means "penalties applicable to 2252A(b)(1)," this is not what Congress wrote. By using the word "in" and not "for" or "applicable to," Congress clearly manifested its intention that the penalties literally contained *in the text of 2252A(b)(1)* are applicable to violations of § 1466A. See Moriarty, 429 F.3d at 1024. To drive the point home, Congress excluded § 1466A from the list of offenses that are subject to lifetime supervised release. See 18 U.S.C. § 3583(k). In addition, the government's argument is premised on the idea that supervised release is a "penalty," as that word is understood in the criminal code. The Supreme Court has explained that "[t]he congressional policy in providing for a term of supervised release after incarceration is to improve the odds of a successful transition from the prison to liberty." Johnson v. United States, 529 U.S. 694, 708-09 (2000); see also United States v. Lewis, 498 F.3d 393, 397 (6th Cir. 2007) ("Supervised release is essentially

6

rehabilitative, and is not intended for punishment). This further undermines the government's position that Congress meant that all *penalties* associated with § 2252A should include the *supervised release* provision applicable to § 2252A. In this Court's view, consistent with Moriarty, a term of lifetime supervised release exceeds the statutory maximum for a violation of § 1466A.

The Court next addresses whether petitioner's counsel was constitutionally ineffective by allowing his client to enter into a plea agreement which recommended a five-year to lifetime term of supervised release. Under Strickland, there are two components to an ineffective assistance of counsel claim: constitutionally deficient representation and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). In this instance, the Court is convinced that both elements have been satisfied. As explained above, Congress did not intend that a § 1466A offender be subjected to a lifetime term of supervised release, making counsel's failure to object to a lifetime term unreasonable. Counsel's deficient performance was prejudicial to Mr. Platz, as there is more than a reasonable probability that the outcome would have been different, had the Court been presented with the arguments it is now considering.

## IV.

For the above-stated reasons, Mr. Platz's motion is granted. Section 2255 "gives district judges wide berth in choosing the proper scope of post–2255 proceedings." United States v. Jones, 114 F.3d 896, 897 (9th Cir.1997). "[Section] 2255 permits the district court to grant relief in one of four forms 'as may appear appropriate' when a motion is found to be meritorious: discharge the prisoner, resentence the prisoner,

7

grant a new trial, or correct the sentence." <u>Ajan v. United States</u>, 731 F.3d 629, 633 (6th Cir. 2013); 28 U.S.C. § 2255(b). In this instance, because Mr. Platz seeks limited relief, the provision of which does not bear on the other components of his sentence, a resentencing of the petitioner is not necessary and would waste judicial resources. Therefore, the Court corrects Mr. Platz's sentence by vacating, in part, the Court's judgment rendered on 12 May 2011. (Doc. 30). Specifically, the sentence of supervised release for life is VACATED. Further, the Court AMENDS its 12 May 2011 judgment by imposing a three-year term of supervised release, the maximum allowed under the statute. In all other respects, the Court's judgment and Mr. Platz's sentence are unchanged.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Date: June 22, 2015

8